LEWIS v CHEVROLET-SAGINAW GREY IRON FOUNDRY
DIVISION OF GENERAL MOTORS CORPORATION

1. WORKMEN'S COMPENSATION—EVIDENCE—INFERENCES.

The Workmen's Compensation Appeal Board cannot draw inferences contrary to undisputed evidence before it.

2. WORKMEN'S COMPENSATION—FINDINGS OF FACT—EVIDENCE—INFERENCES.

The Workmen's Compensation Appeal Board drew inferences contrary to the undisputed evidence in finding that a hearing referee's rejection of plaintiff's claim for benefits due to loss of industrial use of his legs was based on the referee's observation of the demeanor, stride, and testimony of plaintiff where the transcript did not show that the referee made any findings as to plaintiff's demeanor or stride and where testimony as to plaintiff's disability was unrebutted; therefore there was no competent evidence to support the appeal board's finding of fact.

Appeal from Workmen's Compensation Appeal Board. Submitted Division 1 May 15, 1973, at Detroit. (Docket No. 14677.) Decided July 25, 1973.

Richard Lewis presented his claim for workmen's compensation benefits against his employer, Chevrolet-Saginaw Grey Iron Foundry Division of General Motors Corporation, and the Second-Injury Fund. Benefits denied. Plaintiff appeals. Reversed and remanded.

*Rothe, Marston, Mazey, Sachs, O'Connell, Nunn & Freid, P. C.,* for plaintiff.

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation § 433 *et seq.*
[2] 58 Am Jur, Workmen's Compensation § 480.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *David J. Watts* and *A. C. Stoddard,* Assistants Attorney General, for defendant Second-Injury Fund.

Before: R. B. BURNS, P. J., and V. J. BRENNAN and VAN VALKENBURG,* JJ.

R. B. BURNS, P. J. Throughout this opinion Richard Lewis, deceased, will be referred to as plaintiff.

Plaintiff was first employed by defendant in 1949. In October, 1956, he suffered an injury to an intervertebral disc and was found disabled as a result of the accident.

In January, 1967, plaintiff filed a petition for total and permanent disability benefits, alleging the loss of the industrial use of both legs.

At the hearing before the referee only the testimony of the plaintiff was taken, and the deposition of his physician.

Plaintiff testified that he had severe pain radiating from his back down the backs of both legs to his ankles. Because of the pain, plaintiff was unable to stand on his feet for more than 30 minutes to an hour, and was unable to walk more than three or four blocks.

Plaintiff's physician examined him in June, 1967. As a result of that examination he diagnosed plaintiff's condition as degenerative disc disease of the lumbosacral spine, with nerve root irritation to the lower limbs, accompanied by chronic osteoarthritis. Based on the medical history furnished him by the plaintiff, the doctor concluded that plaintiff was unable to walk more than a few

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

blocks, and in the doctor's opinion plaintiff had lost the industrial use of both legs.

Plaintiff was also examined by a doctor for the defendant, but the results of that examination were not offered in evidence.

The referee found the plaintiff was not totally disabled and the appeal board affirmed the findings of the referee.

In affirming the referee's findings, the appeal board stated:

"[D]ecedent's claim that he cannot walk without such pain certain distances of certain period of time—a claim which provides the primary basis for the opinion of Dr. Lipton. We note here that a referee observing the demeanor, stride and testimony of decedent rejected the claim of industrial loss.

"Unrebutted though the testimony may be, we do not find it of the force as would compel reversal of the referee's judgment. We here affirm his fact-finding that decedent had not lost the industrial use of his legs."

We note that the transcript does not show that the referee made any findings as to plaintiff's demeanor or stride.

In *White v Revere Copper & Brass, Inc,* 383 Mich 457, 462–463; 175 NW2d 774, 777 (1970), the Court stated:

"The appeal board cannot draw inferences contrary to undisputed evidence. * * *

"We conclude that there is no competent evidence to support the appeal board's finding of fact."

In our opinion the appeal board drew inferences contrary to the undisputed evidence, and there was no competent evidence to support the appeal board's finding of fact.

Reversed and remanded for proceedings consistent with this opinion.

All concurred.