PRODUCTION CREDIT ASSOCIATION OF LANSING v
DEPARTMENT OF TREASURY

Docket No. 66162. Submitted May 11, 1983, at Lansing.—Decided
August 17, 1983.

Production Credit Association of Lansing, a Michigan corpora-
tion, makes short term and intermediate term loans primarily
to farmers and ranchers. Production Credit is required by
federal law to maintain a valuation reserve equal to three and
one-half percent of its outstanding loans. In computing its
franchise fee to the Michigan Department of Treasury, Produc-
tion Credit subtracted the reserve from its surplus. The Depart-
ment of Treasury determined that there was a deficiency in
Production Credit's franchise fees for 1975 and 1976 because, in
determining the appropriate fee, the department takes a corpo-
ration's loss for the tax year and the four years preceding and
limits the reserve to be subtracted from surplus to the average
amount of such actual loss. The Tax Tribunal affirmed the
Department of Treasury's determination and redetermination
that there was a deficiency in Production Credit's franchise fees
for the years in question. Production Credit appealed. *Held:*

The decision of the Tax Tribunal should be affirmed. The
Department of Treasury's determination of the amount of the
reserve to be subtracted from surplus is uniform, logical and
realistic. The department's interpretation should not be over-
ruled without cogent reasons.

Affirmed.

STATUTES — ADMINISTRATIVE INTERPRETATION.

The longstanding interpretation of a statute by those charged
with the duty of executing it is entitled to the most respectful
consideration and ought not to be overruled without cogent
reasons.

*Dickinson, Wright, Moon, Van Dusen & Free-*

REFERENCE FOR POINTS IN HEADNOTE
2 Am Jur 2d, Administrative Law § 241.

*man* (by *Peter S. Sheldon* and *Anthony Ilardi, Jr.),* for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Richard R. Roesch* and *Charles E. Liken,* Assistants Attorney General, for respondent.

Before: MACKENZIE, P.J., and M. J. KELLY and S. EVERETT,* JJ.

S. EVERETT, J. Petitioner has appealed from the order of the Tax Tribunal affirming the determination and redetermination by respondent that there was a deficiency in petitioner's franchise fee liability for the years 1975 and 1976. The sole issue presented is what is the proper method for determining a reserve for losses through loans made in the course of petitioner's business. Such a reserve may be subtracted from the surplus in determining the proper franchise fee tax.

Both parties agree that petitioner is entitled to such a reserve. It is the method of determining it which is in dispute. By federal law, petitioner must create a reserve equal to three and one-half (3-1/2) percent of its loans. The petitioner contends that this is the appropriate reserve. Respondent, however, claims that the proper reserve is one which it employs for all similar transactions. It takes the loss for the tax year, and the four years preceding this, and limits the reserve to the average of such actual losses.

We start on the premise that the longstanding interpretation of a statute by those charged with the duty of executing it is entitled to the most respectful consideration and ought not to be over-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ruled without cogent reasons. *Margreta v Ambassador Steel Co,* 380 Mich 513, 519; 158 NW2d 473 (1968).

It appears that the interpretation complained of has been in effect for more than half a century, and has never before been challenged. Basically, appellant contends that federal legislation requiring a fixed amount to be maintained as a loss reserve is determinative of the issue and binding on the states. No authority for this proposition is cited, nor does it appear to us to be a valid one.

The method used by the Department of Treasury is uniform. It takes into account the necessity, in certain types of commercial activity, for a reserve for future losses. Its determination of the amount of such reserve to be subtracted from surplus seems logical and realistic. Actually, in a given five-year span, the amount determined by the Department of Treasury could be greater than that required by federal law. We do not find cogent reasons for reversing the administrative determination and redetermination, and therefore affirm the decision of the Tax Tribunal.

Affirmed.