STONEBURG v STATE EMPLOYEES RETIREMENT SYSTEM

Docket No. 75020. Submitted October 17, 1984, at Detroit.—Decided December 18, 1984.

Petitioner, Joyce M. Stoneburg, was employed as a resident case aide at the Oakland Center in Lapeer. She filed an application for duty disability retirement benefits with the State of Michigan Employees Retirement System. The State Employees Retirement System advised the petitioner that her application had been denied. Petitioner then requested a hearing on her claim. A hearing was conducted and the hearing officer recommended that petitioner's application be denied. The State Employees Retirement Board adopted the recommendation of the hearing officer and issued its order denying petitioner's application. Petitioner then filed in Lapeer Circuit Court a petition for review of the order denying her application for duty disability retirement benefits. The circuit court, Norman A. Baguley, J., issued an order affirming the retirement board's order. Petitioner appeals. *Held:*

1. The retirement board's denial of disability retirement benefits was supported by competent, material and substantial evidence on the record.

2. The retirement board must determine whether an applicant's injuries were duty-related pursuant to the procedures for contested cases set forth in the Administrative Procedures Act. Therefore, the circuit court's order affirming the retirement board must be affirmed if the Court of Appeals finds that the board's denial of benefits was supported by competent, material and substantial evidence on the entire record.

3. The disability retirement benefits statute retains proximate causation as an element of the petitioner's prima facie case. The member's injury or disease must have occurred as the

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 60 Am Jur 2d, Pensions and Retirement Funds §§ 52, 54.

Relationship between performance of official duties and subsequent disability or death, for purpose of pension or survivorship benefits of government employee other than fireman, policeman, or military personnel. 85 ALR2d 1048.

[2] 60 Am Jur 2d, Pensions and Retirement Funds § 71.

natural and proximate result of the said member's actual performance of duty.

4. Given the equivocal nature of the evidence introduced, the hearing officer could reasonably have concluded that petitioner failed to sustain her burden of demonstrating that her disability was the natural and proximate result of the performance of her duty. The circuit court, therefore, properly deferred to this finding.

Affirmed.

1. MASTER AND SERVANT — STATE EMPLOYEES RETIREMENT SYSTEM — DISABILITY RETIREMENT BENEFITS — ADMINISTRATIVE LAW — ADMINISTRATIVE PROCEDURES ACT — PROXIMATE CAUSE.

The Retirement Board of the State Employees Retirement System, in determining whether to approve an application for disability retirement benefits, must determine whether the applicant's injuries were duty-related pursuant to the procedures for contested cases set forth in the Administrative Procedures Act; to qualify for benefits, the applicant's injury or disease must have occurred as the natural and proximate result of the applicant's actual performance of duty in the service of the state; the disability retirement benefits statute retains proximate causation as an element of a prima facie case under the statute (MCL 24.271 *et seq.*, 38.21; MSA 3.560[171] *et seq.*, 3.981[21]).

2. MASTER AND SERVANT — ADMINISTRATIVE LAW — APPEAL — DISABILITY RETIREMENT BENEFITS.

A circuit court's order affirming a determination by the Retirement Board of the State Employees Retirement System to deny disability retirement benefits to a claimant must be affirmed by the Court of Appeals where the board's denial of benefits was supported by competent, material and substantial evidence on the whole record (MCL 24.306; MSA 3.560[206]).

*MacDonald, FitzGerald & MacDonald, P.C.* (by *Timothy J. Simon),* for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Michael A. Lockman* and *Susan A. Harris,* Assistants Attorney General, for the State Employees Retirement System.

Before: BRONSON, P.J., and J. H. GILLIS and M. E. DODGE,* JJ.

PER CURIAM. Petitioner appeals as of right from an order of the Lapeer County Circuit Court affirming the decision of the Retirement Board of the State Employees Retirement System to deny petitioner disability retirement benefits pursuant to MCL 38.21; MSA 3.981(21).

Joyce M. Stoneburg was employed as a resident case aide at the Oakland Center in Lapeer. Her work included lifting mentally retarded patients in and out of wheelchairs, beds and baths. On September 14, 1981, Stoneburg developed a severe headache after experiencing problems pushing a resident around the grounds in a wheelchair. She worked the next day (September 15), had two regular days off (September 16 and 17), and worked the following day (September 18). She testified that the headache persisted during this period. On September 19, while trying to calm down a disturbed patient, she bent over and again experienced severe headaches. She was unable to return to work after that date and remains unemployed.

Stoneburg also testified regarding two previous back injuries. The second such injury occurred in 1977, and Stoneburg introduced the attending physician's report. Stoneburg received workers' compensation benefits for this injury. She also testified that she suffered an earlier back injury at work but could not specify when it had occurred. She did not receive any benefits for the earlier injury. The remainder of Stoneburg's proofs were comprised of medical reports written by her treating physician, Dr. Paul Shoen.

The State Employees Retirement System did not

---

* Circuit judge, sitting on the Court of Appeals by assignment.

cross-examine petitioner or present any rebuttal witnesses. Its case rested upon the introduction of various medical reports and documentation concerning petitioner's application for disability retirement benefits.

The hearing officer for the State Employees Retirement System recommended that petitioner's application for benefits be denied. Upon review, this recommendation was adopted by the retirement board, and affirmed by the circuit court.

Petitioner argues that the retirement board's denial of disability retirement benefits was not supported by competent, material and substantial evidence on the record. We disagree, and, therefore, affirm the board's decision.

Section 21 of the State Employees' Retirement Act, MCL 38.21; MSA 3.981(21), provides:

"Subject to the provisions of sections 33 and 34, upon the application of a member, or his department head, or the state personnel director, a member who becomes totally incapacitated for duty in the service of the state of Michigan without willful negligence on his part, by reason of a personal injury or disease, *which the retirement board finds to have occurred as the natural and proximate result of the said member's actual performance of duty in the service of the state,* shall be retired: Provided, The medical advisor after a medical examination of said member shall certify in writing that said member is mentally or physically totally incapacitated for the further performance of duty in the service of the state, and that such incapacity will probably be permanent, and that said member should be retired: And provided further, That the retirement board concurs in the recommendation of the medical advisor." (Emphasis added.)

No cases have addressed this statute. The Attorney General, however, has stated that the retirement board must determine whether an appli-

cant's injuries were duty-related pursuant to the procedures for contested cases set forth in the Administrative Procedures Act, MCL 24.271 *et seq.;* MSA 3.560(171) *et seq.* OAG, 1981-1982, No. 5,986, pp 385-386 (September 30, 1981). We agree. Therefore, the cirucit court's order affirming the retirement board must be affirmed if this Court finds that the board's denial of benefits was supported by competent, material and substantial evidence on the entire record. MCL 24.306; MSA 3.560(206); *Tompkins v Dep't of Social Services,* 97 Mich App 218, 222-223; 293 NW2d 771 (1980). As this Court stated in *Tompkins:*

"Great deference is given to the findings of an administrative law judge.

"The 'substantial evidence test' applies to review of social services cases. This has been defined as evidence which a reasoning mind would accept as sufficient to support a conclusion. While it consists of more than a mere scintilla of evidence, it may be substantially less than a preponderance of the evidence.

"Since the administrative law judge, as the trier of fact, had the opportunity to hear testimony and view the witnesses, his decision will be upheld so long as it is supported by substantial evidence on the whole record." (Citations omitted.)

Petitioner contends that the circuit court erroneously ignored her "undisputed evidence" in violation of the holdings in *White v Revere Copper & Brass, Inc,* 383 Mich 457, 462-463; 175 NW2d 774 (1970), and *Lewis v Chevrolet-Saginaw Grey Iron Foundry Division of General Motors Corp,* 48 Mich App 516, 518; 210 NW2d 794 (1973).

In *White,* the Workers' Compensation Appeal Board denied plaintiff's claim in part because of lack of proper notice and claim. The only evidence relating to the question of notice "was that posi-

tively averred and testified to by plaintiff". *Id.,* p 461. The Supreme Court reversed, noting that "[n]ot an iota of evidence is presented in this record denying or rebutting plaintiff's proofs". *Id.,* p 462. The Court held that although the appeal board could have expressly rejected plaintiff's testimony going to the question of notice, it could not properly deduce from the only evidence in the record that no notice was given, and cannot draw inferences contrary to undisputed evidence. *Id.,* pp 462-463.

In *Lewis,* the Workers' Compensation Appeal Board denied plaintiff's claim for permanent disability benefits. Plaintiff testified that he was unable to stand on his feet for more than 30 minutes and was unable to walk more than three or four blocks. In addition, plaintiff introduced his doctor's report, based upon the medical history furnished by plaintiff, which concluded that plaintiff had lost the industrial use of his legs. Defendant did not introduce any medical reports which conflicted or disputed plaintiff's report. Citing *White v Revere Copper & Brass, Inc, supra,* this Court reversed the appeal board, holding that the board drew inferences contrary to the undisputed evidence of plaintiff's total disability.

We believe, however, that petitioner erroneously relies upon cases decided under workers' compensation law, and ignores the important distinction between causation in workers' compensation cases and retirement benefits cases. As stated in *Deziel v Difco Laboratories, Inc (After Remand),* 403 Mich 1, 34-35; 268 NW2d 1 (1978):

"Workers' compensation laws were originally enacted in order to remove work-related injuries from the realm of tort law. Regardless of fault, liability was imposed on employers for any worker's loss of earning capacity due

to *disability.* Most vestiges of tort law have been erased. Complicated legal theories of duty, breach of duty, negligence, contributory negligence, causation, proximate causation, etc., have been abolished.

"The social and economic reasons for the abolition of the previous system are too well known to require further explication here.

"In the area under examination only a very general notion of causation was carried over into compensation law. Namely, the injury and the subsequent disability must arise 'out of and in the course of' employment. But this very general notion of causation was and should always be read progressively or liberally. The primary goal of workers' compensation is to compensate a worker for his disability loss. When there is doubt which might lead a court to deny recovery under the tort law system, recovery under workers' compensation law is often allowed. Compensation for disability takes preference over any subsidiary doubts about the existence of an objective causal nexus." (Footnotes omitted; emphasis in original.)

The abolition of general notions of causation by the Worker's Disability Compensation Act must be compared with petitioner's burden in the instant appeal. MCL 38.21; MSA 3.981(21) retains the traditional requirement that the member's injury or disease must have occurred "as the natural and proximate result of the said member's actual performance of duty". The disability retirement benefits statute retains proximate causation as an element of petitioner's prima facie case.

Further, the evidence was not undisputed, and petitioner's evidence of causation was controverted by the medical reports introduced by both parties. There was no medical evidence introduced to support petitioner's theory that her disability was duty-related. One treating physician's report stated that petitioner's injury was not duty-re-

lated, and another treating physician's report did not address this issue. The doctors were not called by petitioner to testify at the hearing. The only evidence of causation introduced was petitioner's testimony that she believed her back problems and headaches were duty-related. Given the equivocal nature of the evidence introduced, the hearing officer could reasonably have concluded that petitioner failed to sustain her burden of demonstrating that her disability was the natural and proximate result of the performance of her duty. The circuit court, therefore, properly deferred to this finding. *Tompkins v Dep't of Social Services, supra.*

Affirmed.