GERSBACHER v STATE EMPLOYEES' RETIREMENT SYSTEM

Docket No. 78912. Submitted May 13, 1985, at Lansing.—Decided August 19, 1985.

Shirley Gersbacher, an employee of the Mental Health Department of the State of Michigan, fell and injured herself three times during the course of her employment from 1970 to 1976. She suffered back problems as a result of the falls but continued to work until 1979. All the while her back problems worsened and she was under doctors' care during much of the time between her first fall and 1979, when she terminated her employment. Gersbacher filed an application for retirement with the State Employees' Retirement System alleging duty disability. Following a hearing, the hearing officer recommended that duty disability retirement status be denied Gersbacher. Gersbacher filed a petition for review in the Ingham Circuit Court, which remanded the matter to the Retirement Board of the State Employees' Retirement System for the taking of additional medical evidence, Ray C. Hotchkiss, J. Following rehearing, the hearing officer again recommended denial of duty disability status to Gersbacher. The retirement board acted upon that recommendation and denied duty disability status to Gersbacher. Gersbacher filed another petition for review in Ingham Circuit Court. The court, Carolyn Stell, J., affirmed the decision of the retirement board denying Gersbacher duty disability retirement status. Gersbacher appealed.
*Held:*

1. A medical advisor's decision that a claimant is not physically, totally, and permanently incapacitated for further performance of duty in the service of the state does not preclude the

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] Am Jur 2d, Pensions and Retirement Funds §§ 39 *et seq.*
   See the annotations in the ALR3d/4th Quick Index under topic Pensions and Retirement Funds § 3.
[2] Am Jur 2d, Administrative Law §§ 553 *et seq.*
   See the annotations in the ALR3d/4th Quick Index under topic Administrative Law.
[3] Am Jur 2d, Evidence §§ 1163 *et seq.*
   See the annotations in the ALR3rd/4th Quick Index under topic "Substantial Evidence".

State Employees' Retirement Board from retiring the individual.

2. The hearing officer made an independent conclusion that Gersbacher was not totally and permanently incapacitated.

3. The retirement board's denial of retirement is supported by competent, material and substantial evidence on the entire record.

Affirmed.

T. M. BURNS, P.J., would reverse and remand the matter for further consideration because in his opinion the state medical advisor, hearing officer, and retirement board applied the wrong standard in determining whether Gersbacher is disabled. The standard applied was whether Gersbacher is totally incapacitated for further employment with the state. The standard which Judge BURNS believes should have been applied is whether Gersbacher is unable to engage in employment reasonably related to her past experience and training.

OPINION OF THE COURT

1. CIVIL SERVICE — STATE EMPLOYEES' RETIREMENT SYSTEM — DISABILITY RETIREMENT BENEFITS.

A medical advisor's decision that a claimant is not physically, totally, and permanently incapacitated for further performance of duty in the service of the state does not preclude the Retirement Board of the State Employees' Retirement System from retiring the individual; the Legislature intended that the retirement board have the ability to override the decision of the medical advisor and to retire an individual even without the medical advisor's certificate (MCL 38.21; MSA 3.981[21]).

2. ADMINISTRATIVE LAW — APPEAL — STANDARD OF REVIEW.

The standard of review of the factual determinations of an administrative agency or board is whether the decision is supported by competent, material, and substantial evidence on the whole record (Const 1963, art 6, § 28; MCL 24.306; MSA 3.560[206]).

3. EVIDENCE — SUBSTANTIAL EVIDENCE.

"Substantial evidence" is that evidence which a reasoning mind would accept as sufficient to support a conclusion; it consists of more than a mere scintilla of evidence but may be substantially less than a preponderance of the evidence.

DISSENT BY T. M. BURNS, P.J.

4. CIVIL SERVICE — STATE EMPLOYEES' RETIREMENT SYSTEM — DISABILITY RETIREMENT BENEFITS — BURDEN OF PROOF.

*The standard to be applied in determining whether a claimant is*

*entitled to disability retirement benefits under the State Employees' Retirement System is whether the claimant is unable to engage in employment reasonably related to his or her past experience and training, not whether he or she is totally incapacitated for further employment with the state (MCL 38.21, 38.33[a]; MSA 3.981[21], 3.981[33][a]).*

*Rapaport, Pollok & Farrell, P.C.* (by *Steven J. Pollok*), for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Michael A. Lockman* and *Susan A. Harris,* Assistants Attorney General, for respondent.

Before: T. M. BURNS, P.J., and ALLEN and M. J. TALBOT,* JJ.

ALLEN, J. Petitioner Shirley Gersbacher appeals as of right from a judgment entered by Ingham County Circuit Court Judge Carolyn Stell on May 30, 1984, affirming a May 6, 1982, decision of the State Employees' Retirement Board denying petitioner duty disability retirement.

Petitioner began working for the State of Michigan in November of 1970. She worked for the Mental Health Department at the Coldwater State Home. On or about June 27, 1980, petitioner filed an application for retirement with the State Employees' Retirement System because of duty disability. On December 11, 1980, a hearing was held before Hearing Officer Neil A. McLean.

Petitioner testified that she was first injured in 1971 when she either fell or was pushed to the floor while attempting to move an unruly resident to a quiet area at the State Home. As a result of the fall, petitioner felt pain in her neck and did

---

* Recorder's court judge, sitting on the Court of Appeals by assignment.

not work for about three and one-half months. In 1972, she fell on ice in the employees' parking lot while going into the building. She landed in a sitting position, just as she had done during the prior fall. She tried to work that day, but when she bent over she could not straighten back up. Her back problems gradually worsened. Petitioner was hospitalized for one month and did not work for about 13 months.

In December, 1976, petitioner fell for a third time on a "slick" floor in the building in which she worked. Petitioner was being treated by Dr. Meier, who retired and whose practice was taken over by Dr. A. M. Manohar. Petitioner did not work for approximately six weeks after the third accident. She returned to work as a general clerk and was shortly thereafter transferred to the medical records building. Petitioner's condition gradually worsened. In March, 1979, her back was so bad that Dr. Manohar had another physician, Dr. Chen, give her epidural injections in her spine. The last time that petitioner worked was in September, 1979.

Dr. Manohar's statement of duty disability was admitted into evidence along with the medical report of Dr. Chen. In his statement Manohar indicated that the patient would not be permanently disabled but when asked whether the patient's condition was such that she would be able to resume any part of her former work or secure other part-time employment, the response was "No". Also admitted was a memorandum from the State Employees' Retirement System to Dr. J. K. Altland, the State Medical Advisor. Dr. Altland had returned the memorandum with his handwritten statements on the face of it, indicating that he rejected the duty disability claim and that he did so after considering the report of Dr. Sherman

Andrews, to whom petitioner had been referred by the Bureau of Worker's Disability Compensation.

Dr. Andrews's medical report, also admitted into evidence, indicated that petitioner was five feet, three inches tall, and weighted 226-1/2 pounds. At the end of this report, Andrews concluded:

"DIAGNOSIS
"1. Obesity.
"2. Pes planis, second degree, bilateral.
"3. Cystocele, small, asymptomatic.
"DISCUSSION
"From my physical examination and x-ray studies failed to demonstrate any pathology to account for her complaint of low back pain. There was no evidence of arthritis or of injury.
"I can see no reason why this patient should be wearing a backbrace, however I would urge her to lose weight.
"I do not consider her to be disabled from her occupation of a general ward clerk at the Coldwater Regional Center."

On January 26, 1981, Hearing Officer Neil A. McLean submitted his proposed decision and recommendation that duty disability retirement status be denied petitioner. The matter was eventually appealed to circuit court. On November 19, 1981, Ingham County Circuit Court Judge Ray C. Hotchkiss ordered the case remanded to the State Employees' Retirement Board for the purpose of re-opening hearings and taking adequate medical evidence.

On remand a second hearing was held before Hearing Officer McLean. Petitioner testified that she could do no housework and that a chore provider was required to do everything for her except prepare her meals and do her "personal needs". A seven-page report prepared by Dr. W. O. Badgley

was admitted into evidence. The report concluded with a diagnosis of "cervical dorsal lumbar sprain, gross obesity". In addition, Dr. Badgley's deposition was admitted. In his deposition, Dr. Badgley stated that, if he were to be asked the appropriate questions, his answers would correspond, in essence, to those which were contained in his seven-page report. Dr. Badgley also gave his opinion of petitioner's ability to return to effective employment. Badgley stated:

"In view of fact it's been six years, and complicated by her excess weight, I don't think she's going to be able to get back to that work. I have had other patients from the same facilitys *[sic]* and I guess it gets kind of rough at times with the patient *[sic]* and there's no way that she could handle anything but the most sedentary work, and that would depend on how far she had to ride to get there and over what kinds of roads, how far she'd have to walk from the parking lot and all those things. The prognosis, in my opinion, is very grim. She is making an effort now at reducing her weight and according to her history she has taken off 32 pounds, but she still is at 200 or over and five feet three."

Badgley considered her condition to be essentially a permanent one.

In a letter of March 8, 1982, Dr. Manohar stated:

"Shirley Gersbacher has been under my care for low mechanical back strain with some patchy hypoesthesia in both legs, right worse than the left. Recently she has been treated by me for coccydynia with a coccygectomy.

"She is disabled at this stage. However her disability basically from her back point of view is not being able to do a job involving recurrent bending, stooping and lifting, and these restrictions which I have placed on her will probably be permanent. These are prophylactic restrictions and are meant to protect the patient."

The attorney general agreed to submit Dr. Manohar's letter to Dr. Altland, the State Medical Advisor, along with the deposition of Dr. Badgley. The cover letter submitting the information to the medical advisor was apparently returned to the hearing officer. Dr. Altland wrote his conclusion on the face of that letter. His handwritten conclusion reads:

"Review of the submitted additional material including the W. O. Badgley M.D. deposition has not provided any new information. The evaluation indicates sedentary work is a possibility soon though with some restrictions. There is not total disability. Recommendation remains unchanged—rejected."

On April 27, 1982, Hearing Officer McLean issued his second proposed decision and recommendation, which recommended that duty disability retirement status continue to be denied petitioner. As a conclusion of law, McLean stated:

"Dr. Manohar in his letter of March 8, 1982 indicates Petitioner is not able to do a job involving recurrent bending, stooping and lifting. The deposition of Dr. Badgley indicates that she can handle only the most sedentary work. Michigan Compiled Laws Annotated Section 38.21 provides that for an individual to be eligible for duty disability retirement the Medical Advisor must certify in writing that the member is mentally or physically totally incapacitated for the further performance of duty in the service of the State and that such incapacity will probably be permanent, and that said member should be retired. Then the Retirement Board must concur in this recommendation of the Medical Advisor. Neither the letter of Dr. Manohar or the deposition of Dr. Badgley indicate that the Petitioner is totally incapacitated for the further performance of duty in the service of the State and that such incapacity will probably be permanent. While the Petitioner certainly has physical problems that limit her activities

the statute is clear and unless the appropriate medical
information is submitted upon which the Medical Advi-
sor can make a determination that the Petitioner is
totally incapacitated and her incapacity is likely to be
permanent the statutory requirement is not met."

On May 6, 1982, the State Employees' Retire-
ment Board adopted McLean's recommendation
and order, denying petitioner's request for retire-
ment. On July 6, 1982, petitioner filed a petition
for review of administrative action in the Ingham
County Circuit Court. At oral argument before
Judge Carolyn Stell on April 26, 1984, petitioner
contended that the hearing officer construed the
statute to give him no discretion if the medical
advisor did not approve a retirement claim. Peti-
tioner also argued that a review of the facts indi-
cated a lack of substantial, credible evidence to
support the determination that petitioner should
not be retired.

Respondents agreed that the hearing officer was
not bound by the decision of the medical advisor.
Repsondents argued, however, that the record indi-
cated that the hearing officer actually made his
own independent conclusion and that he agreed
with the medical advisor that petitioner was not
totally disabled.

Judge Stell found that while the hearing officer
made reference to the requirement that the medi-
cal advisor make a determination of total incapac-
ity to perform duties in the service of the state he
went on to make an independent finding of fact
and conclusion of law that the testimony presented
by letter and by deposition did not support a
finding that petitioner met the statutory require-
ment of being totally incapacitated for duty. Judge
Stell found that the decision of the hearing officer,
as adopted by the State Employees' Retirement

Board, was supported by competent, material and substantial evidence on the record and on May 30, 1984, entered an order affirming the decision of the retirement board.

On appeal petitioner raises three issues. (1) Does a medical advisor's decision that a claimant is not physically, totally, and permanently incapacitated for further performance of duty in the service of the state preclude the State Employees' Retirement Board from retiring the individual? (2) If the answer to the first question is "No", did the retirement board made an independent determination? (3) Did the circuit court err in finding that such determination was supported by competent, material, and substantial evidence on the whole record?

The first question raised presents a question of first impression. MCL 38.21; MSA 3.981(21) states:

"Sec 21. Subject to the provisions of sections 33 and 34, upon the application of a member, or his department head, or the state personnel director, a member who becomes totally incapacitated for duty in the service of the state of Michigan without willful negligence on his part, by reason of a personal injury or disease, which the retirement board finds to have occurred as the natural and proximate result of the said member's actual performance of duty in the service of the state, shall be retired: *Provided, the medical advisor after a medical examination of said member shall certify in writing* that said member is mentally or physically totally incapacitated for the further performance of duty in the service of the state, and that such incapacity will probably be permanent, and that said member should be retired: And provided further, That the retirement board concurs in the recommendation of the medical advisor." (Emphasis supplied.)

Petitioner construes the statute too narrowly. While the term "provided" suggests that certification of total, permanent, physical incapacitation is

a prerequisite, other language indicates that this is not true. The term "medical advisor" suggests action only in an *advisory* capacity. Further, the statute provides that the retirement board is to concur in the *"recommendation"* of the medical advisor. Read as a whole, we are of the opinion that the Legislature intended that the retirement board have the ability to override the decision of the medical advisor and to retire an individual even without the medical advisor's certificate.

In issue two petitioner argues that the hearing officer (and the retirement board through its *carte blanche* adoption of the hearing officer's recommendation) did not make an independent determination that petitioner was not totally and permanently incapacitated. We disagree. The hearing officer's conclusions of law were as follows:

"Dr. Manohar in his letter of March 8, 1982 indicates Petitioner is not able to do a job involving recurrent bending, stooping and lifting. The deposition of Dr. Badgley indicates that she can handle only the most sedentary work. Michign Compiled Laws Annotated Section 38.21 provides that for an individual to be eligible for duty disability retirement the Medical Advisor must certify in writing that the member is mentally or physically totally incapacitated for the further performance of duty in the service of the State and that such incapacity will probably be permanent, and that said member should be retired. Then the Retirement Board must concur in this recommendation of the Medical Advisor. *Neither the letter of Dr. Manohar or the deposition of Dr. Badgley indicate that the Petitioner is totally incapacitated for the further performance of duty in the service of the State and that such incapacity will probably be permanent.* While the Petitioner certainly has physical problems that limit her activities the statute is clear and *unless the appropriate medical information is submitted* upon which the Medical Advisor can make a determination that the Petitioner is totally incapacitated and her incapacity is likely to be

permanent the statutory requirement is not met." (Emphasis supplied.)

Had the hearing officer concluded that "unless the medical advisor certifies" or "in the absence of the requisite certificate of incapacitation" he could not find a member to be totally incapacitated,· we would agree with petitioner. But that is not what the hearing officer concluded. Instead, he found a total absence of medical information upon which he could conclude that petitioner was totally incapacitated from further state service. While the hearing officer could have made a more detailed explanation of why he arrived at his conclusion, it is clear to us that he reached his own conclusions and did so on the basis that petitioner's own doctors waffled on the question of petitioner's total and permanent disability.

Having decided that the hearing officer reached an independent conclusion, we next consider whether that decision is supported by competent, material and substantial evidence on the entire record. Const 1963, art 6, § 28; MCL 24.306; MSA 3.560(206); *Russo v Dep't of Licensing & Regulation,* 119 Mich App 624, 630-631; 326 NW2d 583 (1982); *Stoneburg v State Employees Retirement System,* 139 Mich App 794; 362 NW2d 878 (1984). "Substantial evidence" has been defined as evidence which a reasoning mind would accept as sufficient to support a conclusion. While it consists of more than a mere scintilla of evidence, it may be substantially less than a preponderance of the evidence. *Russo, supra,* p 631; *Stoneburg, supra.*

We have carefully reviewed the testimony and medical records. Having done so, we fully agree with Judge Stell that the retirement board's denial of retirement is supported by competent, material and substantial evidence on the entire record.

While petitioner's own testimony seems to indicate that she could do nothing but perform very minor activities, the medical reports admitted into evidence at both hearings indicate only that her activities should be limited.

Affirmed. No costs.

M. J. TALBOT, J., concurred.

T. M. BURNS, P.J. *(dissenting)*. I would reverse and remand this case for further consideration since the state medical advisor, hearing officer and employees' retirement board applied the wrong standard in determining whether petitioner is disabled. Petitioner suffered three work-related falls which she claims resulted in disabling back injuries. Her treating physicians, Drs. Badgley and Manohar, found that petitioner was disabled and could handle only the most sedentary work. The state medical advisor declined to recommend petitioner for a duty disability retirement finding that "the evaluation indicates sedentary work is a possibility soon though with some restrictions". The hearing office concluded "neither the letter of Dr. Manohar nor the deposition of Dr. Badgley indicate that the petitioner is totally incapacitated for further performance of duty in the service of the state in that such incapacity will be permanent".

In *Knauss v State Employees Retirement System,* 143 Mich App 644; 372 NW2d 643 (1985), this Court noticed a discrepancy in the language used in the pertinent statutory provisions defining the standard for a duty-related disability, MCL 38.21; MSA 3.981(21) and MCL 38.33(a); MSA 3.981(33)(a). This Court resolved the discrepancy by adopting the intermediate view which regards total disability as a relative term. Under the intermediate definition of total disability a person is

disabled if she is unable to engage in employment reasonably related to her past experience and training. See *e.g., Knauss, supra; Kooker v Benefit Ass'n of Railway Employees,* 246 NW2d 743 (ND, 1976); *Travelers Ins Co v Stanley,* 117 Ga App 445; 160 SE2d 876 (1968); *Erreca v Western States Life Ins Co,* 19 Cal 2d 388; 121 P2d 689 (1942). See also Anno., *Insurance "total disability" or the like as referring to inability to work in usual occupation or in other occupations,* 21 ALR3d 1155, 1165-1189, and cases cited therein.

In the instant case, petitioner's claim for a duty-disability retirement was denied because she was not totally incapacitated for further employment with the state. Since the wrong standard was applied to determine whether petitioner is totally disabled, I would remand for further proceedings to correct this error.