BUTTLEMAN v STATE EMPLOYEES' RETIREMENT SYSTEM

Docket No. 102767. Submitted January 10, 1989, at Grand Rapids. Decided May 16, 1989. Leave to appeal applied for.

Dale Buttleman, a state employee, filed a claim for duty disability retirement benefits under the State Employees' Retirement System. The State Employees' Retirement Board rejected the claim on the basis that Buttleman's disabilities, comprised of kidney disease and degenerative lumbar-disc disease, were caused by aggravation of a preexisting condition rather than directly by work-related causes. Buttleman petitioned the Mason Circuit Court for review. The court, Richard I. Cooper, J., affirmed the retirement board's decision. Petitioner appealed.

The Court of Appeals *held:*

Disability retirement benefits under the State Employees' Retirement System are payable for injury or disease which occurs as the natural and proximate result of the claimant's actual performance of duty in the service of the state. In this case, the retirement board's finding that petitioner's disability had causes unrelated to his work was supported by competent, material and substantial evidence and was not arbitrary, capricious or clearly an abuse of discretion or affected by a substantial and material error of law.

Affirmed.

1. CIVIL SERVICE — STATE EMPLOYEES' RETIREMENT SYSTEM — RETIRE-MENT BOARD — DISABILITY RETIREMENT BENEFITS — APPEAL.

A decision by the Retirement Board of the State Employees' Retirement System as to a claimant's eligibility for disability retirement benefits will not be reversed by the Court of Appeals where the decision is supported by competent, material and substantial evidence on the record and is not arbitrary, capricious, or clearly an abuse of discretion or otherwise affected by

REFERENCES

Am Jur 2d, Pensions and Retirement Funds §§ 1661 *et seq.*; Statutes § 168.

Relationship between performance of official duties and subsequent disability or death, for purpose of pension or survivorship benefits, of government employee other than fireman, policeman, or military personnel. 85 ALR2d 1048.

a substantial and material error of law (Const 1963, art 6, § 28; MCL 24.306; MSA 3.560[206]).

2. STATUTES — JUDICIAL CONSTRUCTION — ADMINISTRATIVE INTERPRETATIONS.

Great deference is accorded the construction given a statute by the agency legislatively chosen to enforce it, which construction ought not be overruled without cogent reasons.

3. CIVIL SERVICE — STATE EMPLOYEES' RETIREMENT SYSTEM — DISABILITY RETIREMENT BENEFITS — PROXIMATE CAUSE.

Disability retirement benefits under the State Employees' Retirement System are payable for injury or disease which occurs as the natural and proximate result of the claimant's actual performance of duty in the service of the state (MCL 38.21; MSA 3.981[21]).

*Libner, Van Leuven & Kortering, P.C.* (by *Roy J. Portenga*), for petitioner.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, and *Walter V. Kron*, Assistant Attorney General, for respondent.

Before: WEAVER, P.J., and HOLBROOK, JR. and BRENNAN, JJ.

PER CURIAM. Petitioner appeals as of right from a circuit court judgment which affirmed a decision of the State Employees' Retirement Board denying petitioner's request for duty disability retirement benefits. We affirm.

We are unpersuaded by petitioner's argument that the retirement board erred in finding that his disability did not occur as the natural and proximate result of performing his duty in the service of the state.

This Court will affirm retirement board decisions supported by competent, material and substantial evidence on the record if they are not arbitrary, capricious, or clearly an abuse of discretion or otherwise affected by a substantial and material

error of law. Const 1963, art 6, § 28; MCL 24.306; MSA 3.560 (206); *Gersbacher v State Employees' Retirement System,* 145 Mich App 36, 46; 377 NW2d 334 (1985). Great deference is accorded the construction given a statute by the agency legislatively chosen to enforce it, which construction ought not be overruled without cogent reasons. *Breuhan v Plymouth-Canton Community Schools,* 425 Mich 278, 282-283; 389 NW2d 85 (1986); *Production Credit Ass'n of Lansing v Dep't of Treasury,* 128 Mich App 196, 197-198; 339 NW2d 871 (1983). This is especially so when the statute is ambiguous. *Howard Pore, Inc v State Comm'r of Revenue,* 322 Mich 49, 66; 33 NW2d 657 (1948). However, the courts may reverse an administrative interpretation upon finding that the interpretation does not accord with legislative intent. *Id.; Knauss v State Employees' Retirement System,* 143 Mich App 644, 648; 372 NW2d 643 (1985).

In this case, the statute is ambiguous in that it can support two interpretations: (1) that a claimant's incapacity must proximately result from actual performance of duty, or (2) that only the specific-event injury triggering onset of the disability must be the natural and proximate result of work-related duties. Accordingly, we defer to the statutory construction given by the retirement board as the enforcing agency. *Howard Pore, Inc, supra.* The interpretation given by the retirement board makes duty-related proximate cause an element of a claimant's prima facie case for duty disability retirement benefits. MCL 38.21; MSA 3.981(21). See *Stoneburg v State Employees' Retirement System,* 139 Mich App 794, 800-801; 362 NW2d 878 (1984). Upholding this interpretation does not appear to conflict with legislative intent. *Knauss, supra.*

After reviewing the three depositions and numerous medical reports indicating that petitioner suffered from both kidney disease and degenerative lumbar-disc disease, the hearing examiner denied petitioner's claim to disability retirement benefits on the ground that petitioner's disability was caused by aggravation of a preexisting condition rather than directly by work-related causes. We must uphold the retirement board's decision because it is supported by competent, material and substantial evidence and was not arbitrary, capricious or clearly an abuse of discretion or legal error. *Stoneburg, supra; Gersbacher, supra.*

Affirmed.