ARNOLD v STATE EMPLOYEES' RETIREMENT BOARD

Docket No. 119537. Submitted October 10, 1991, at Detroit. Decided
December 6, 1991; approved for publication February 25, 1992,
at 9:00 A.M. Leave to appeal sought.

Jolander Arnold, a state employee, petitioned the Wayne Circuit
Court for review of the State Employees' Retirement Board's
denial of her application for disability retirement benefits. The
court, Charles S. Farmer, J., affirmed the denial. The petitioner
appealed.

The Court of Appeals *held:*

Disability retirement benefits under the State Employees'
Retirement System, MCL 38.21; MSA 3.981(21), are payable
only for injury or disease that occurs as the natural and
proximate result of the claimant's actual performance of duty
in the service of the state. Such benefits are not payable where,
as in this case, the disability is caused by the aggravation of a
preexisting condition rather than directly by work-related
causes.

Affirmed.

*Charfoos, Reiter, Peterson & Holmquist, P.C.* (by
*James A. Reiter*), for the petitioner.

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, *Thomas L. Casey,* Assistant Solicitor General, and *Walter V. Kron* and
*Michael J. Moquin,* Assistant Attorneys General,
for the respondent.

Before: MacKenzie, P.J., and Sawyer and Jansen, JJ.

Per Curiam. Petitioner appeals as of right from
a Wayne Circuit Court order affirming the State
Employees' Retirement Board's denial of her request for duty-disability benefits. We affirm.

Section 21 of the State Employees' Retirement Act, MCL 38.21; MSA 3.981(21), provides in part:

> Subject to the provisions of sections 33 and 34, upon the application of a member, or his department head, or the state personnel director, a member who becomes totally incapacitated for duty in the service of the state of Michigan without willful negligence on his part, by reason of a personal injury or disease, which the retirement board finds to have occurred as the natural and proximate result of the said member's actual performance of duty in the service of the state, shall be retired.

Disability retirement benefits under the statute are payable for injury or disease that occurs as the natural and proximate result of the claimant's actual performance of duty in the service of the state. *Stoneburg v State Employees' Retirement System,* 139 Mich App 794; 362 NW2d 878 (1984). The State Employees' Retirement Board determines whether a claimant's injuries were duty-related, and its decision must be affirmed on appeal if it is supported by competent, material, and substantial evidence on the entire record, provided the decision is not arbitrary, capricious, or clearly an abuse of discretion or otherwise affected by a substantial and material error of law. *Buttleman v State Employees' Retirement System,* 178 Mich App 688, 689-690; 444 NW2d 538 (1989).

In this case, it is essentially undisputed that petitioner suffers from chronic depression, that she was under stress from several sources, including her job, and that her depression was aggravated but not caused by her state employment. Petitioner contends that aggravation of her psychiatric condition is sufficient to entitle her to duty-disability benefits under § 21. We disagree.

Whether aggravation of a preexisting condition

is sufficient to support a claim for duty-disability retirement benefits was discussed in *Buttleman, supra,* where this Court upheld the retirement board's conclusion that aggravation of a preexisting condition was not sufficient to state a claim for duty-disability benefits under § 21. This Court stated:

> [Section 21] is ambiguous in that it can support two interpretations: (1) that a claimant's incapacity must proximately result from actual performance of duty, or (2) that only the specific-event injury triggering onset of the disability must be the natural and proximate result of work-related duties. Accordingly, we defer to the statutory construction given by the retirement board as the enforcing agency. *Howard Pore, Inc* [v *State Comm'r of Revenue,* 322 Mich 49; 33 NW2d 657 (1948)]. The interpretation given by the retirement board makes duty-related proximate cause an element of a claimant's prima facie case for duty disability retirement benefits. MCL 38.21; MSA 3.981(21). See *Stoneburg v State Employees' Retirement System,* 139 Mich App 794, 800-801; 362 NW2d 878 (1984). Upholding this interpretation does not appear to conflict with legislative intent. *Knauss* [v *State Employees' Retirement System,* 143 Mich App 644; 372 NW2d 643 (1985)].
>
> * * *
>
> After reviewing the three depositions and numerous medical reports indicating that petitioner suffered from both kidney disease and degenerative lumbar-disc disease, the hearing examiner denied petitioner's claim to disability retirement benefits on the ground that petitioner's disability was caused by aggravation of a preexisting condition rather than directly by work-related causes. We must uphold the retirement board's decision because it is supported by competent, material and substantial evidence and was not arbitrary, capricious or clearly an abuse of discretion or legal error. [*Buttleman, supra,* p 690, 691.]

The *Buttleman* Court upheld the denial of duty-disability benefits based on aggravation of a preexisting condition. In this case, petitioner requested duty-disability benefits based on aggravation of a preexisting condition, her depression. The evidence presented at the administrative hearing supports the retirement board's decision that petitioner's disability was caused by aggravation of a preexisting condition rather than directly by work-related causes. Consistent with *Buttleman,* we therefore uphold the retirement board's decision because aggravation of a preexisting condition is not sufficient to state a claim for duty-disability benefits under § 21 and because the board's decision was supported by competent, material, and substantial evidence and was not arbitrary, capricious, or clearly an abuse of discretion or a clear legal error.

Affirmed.