BEADLE v STATE POLICE RETIREMENT SYSTEM

Docket No. 131947. Submitted May 5, 1992, at Grand Rapids. Decided July 6, 1992, at 9:10 A.M.

Robert L. Beadle petitioned the Grand Traverse Circuit Court for review of the State Police Retirement Board's denial of his application for retirement benefits for a duty-incurred disability. The court, Charles M. Forester, J., affirmed the board's determination that the petitioner became disabled because of a work-related aggravation of a preexisting psychiatric condition and, accordingly, was entitled to retirement benefits based on a nonduty-incurred disability rather than a duty-incurred disability. The petitioner appealed.

The Court of Appeals *held:*

For the purpose of determining retirement benefits under the State Police Retirement Act, psychiatric problems are deemed to be an illness or disease, rather than an injury, even if the condition arises out of some work-related traumatic event. The retirement board did not make a substantial and material error of law by holding that a person retiring from the Department of State Police on account of a psychiatric disability arising out of a work-related aggravation of a preexisting condition is entitled to retirement benefits for a nonduty-related disability rather than the retirement benefits for a duty-related disability.

Affirmed.

*Running, Wise, Wilson, Ford & Phillips* (by *William L. Wise* and *Sandra P. Howard*), for the petitioner.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Walter V. Kron,* Assistant Attorney General, for the respondent.

Before: Hood, P.J., and Connor and R. C. Kaufman,* JJ.

Connor, J. The petitioner, Robert L. Beadle, claimed that his retirement from the Michigan State Police was caused by a psychiatric disability that was duty-incurred. The State Police Retirement Board denied petitioner's application for duty-incurred disability retirement benefits under the State Police Retirement Act of 1986, MCL 38.1601 *et seq.*; MSA 5.4002(1) *et seq.* The circuit court affirmed the board's decision. Petitioner appeals as of right. We affirm.

Petitioner was a member of the State Police for more than twenty-three years when he became disabled and retired. Since early childhood, he had suffered from psychiatric problems. These problems had manifested themselves in paraphiliac behavior, but had not been disabling. In October 1987, the accumulation of personal stress, job stress, public discovery of his behavior, and stress caused by an investigation into allegations of his possible criminal behavior resulted in a suicide attempt and petitioner's becoming completely disabled.

Petitioner applied for disability retirement benefits under the State Police Retirement Act. He was granted benefits for a nonduty-incurred disability, but denied benefits for a duty-incurred disability. The board found that although his work environment had aggravated his preexisting condition, petitioner's disability was not duty-incurred within the meaning of the act.

Petitioner claims that because job stress and professional disappointments helped aggravate his preexisting illness to the point of disability, his disability is duty-incurred. We disagree.

* Circuit judge, sitting on the Court of Appeals by assignment.

The act provides for differential disability retirement benefits depending on whether the disability is duty-incurred or nonduty-incurred. Compare MCL 38.1626; MSA 5.4002(26) with MCL 38.1628; MSA 5.4002(28). It provides for similarly differential death benefits depending on whether the death is duty-related or nonduty-related. Compare MCL 38.1625; MSA 5.4002(25) with MCL 38.1627; MSA 5.4002(27). Although the act does not define "duty-incurred," it does define "duty-related." See MCL 38.1625; MSA 5.4002(25).[1] Reading the act as a whole, *Montano v General Motors Corp,* 187 Mich App 230, 235; 466 NW2d 707 (1991), it is clear duty-related and duty-incurred refer to the same relationship.

Consequently, a disability is duty-incurred if it results from injuries received or an illness or disease contracted by reason of occupation as a member of the State Police. MCL 38.1625; MSA 5.4002(25).

Petitioner also argues that the term "injury" under the act should be interpreted in accordance with the term "personal injury" in the Workers' Disability Compensation Act, MCL 418.101 *et seq.*; MSA 17.237(101) *et seq.*, which would encompass the aggravation of preexisting conditions. We do not agree. See *Arnold v State Employees' Retirement Bd,* 193 Mich App 137; 483 NW2d 622 (1992). Workers' disability compensation benefits are payable for personal injuries, MCL 418.301(1); MSA 17.237(301)(1), and personal injury is defined to

---

[1] MCL 38.1625(1); MSA 5.4002(25)(1) refers to the payment of a retirement allowance on behalf of a member of the retirement system "who while in the discharge of his or her duty is killed or receives injuries or contracts a disease or illness, by reason of his or her occupation, which results in his or her death." MCL 38.1625(3); MSA 5.4002(25)(3) also refers to the payment of funeral expenses for a member of the retirement system who "is killed or dies from injuries, disease, or illness, contracted by reason of his or her occupation as a member of the department of state police . . . ."

include occupational diseases and can include mental disabilities that are aggravated or accelerated by employment in a significant manner, MCL 418.401(2)(b); MSA 17.237(401)(2)(b). Here there is no need for such a definition, because the State Police Retirement Act provides benefits for disabilities due to illness or disease as well as injury. Therefore, we will not construe the act beyond its plain meaning. *Dudewicz v Norris Schmid, Inc,* 192 Mich App 247, 255; 480 NW2d 612 (1991).

Accordingly, normal job stress and professional disappointments are not "injuries" that petitioner received as a result of his employment; his disability is properly classified as one resulting from illness or disease. Consequently, the illness or disease would have to have been contracted because of his job in order for petitioner to be entitled to benefits for a duty-incurred disability.

Given the ambiguity in the act concerning when an illness is contracted, we defer to the board's interpretation that a disease or illness is contracted at least by the time it first manifests itself, even in a nondisabling form. *ADVO-Systems, Inc v Dep't of Treasury,* 186 Mich App 419, 426; 465 NW2d 349 (1990). This interpretation is not a substantial and material error of law that otherwise would support the disturbing of the board's decision. MCL 24.306(1)(f); MSA 3.560(206)(1)(f); *Buttleman v State Employees' Retirement System,* 178 Mich App 688, 689-690; 444 NW2d 538 (1989).

Because petitioner had already contracted his illness by the time he began working for the State Police, his disability cannot be duty-incurred even though his job helped aggravate it to the point of disability.

Affirmed.