DROUILLARD v STROH BREWERY COMPANY

· RISS v STROH BREWERY COMPANY

Docket Nos. 134002, 134207, 141039, 141268. Submitted July 14, 1992, at Detroit. Decided April 5, 1993, at 9:15 A.M. Leave to appeal sought in Riss.

Paul A. Drouillard and Gerald Riss, who worked for Stroh Brewery Company at its Detroit plant until it closed, were awarded workers' compensation benefits following separate proceedings before the Workers' Compensation Appeal Board. Stroh, Drouillard, Riss, and Aetna Casualty and Surety Company, Stroh's insurer, appealed. The appeals were consolidated.

The Court of Appeals *held:*

1. Competent evidence supported the appeal board's determination that Drouillard had sustained a compensable permanent disability.

2. The appeal board did not err in finding that Riss' last day of work was the date of injury, in view of the fact that benefits were awarded only for disability related to carpal tunnel syndrome.

3. Lump-sum cash payouts received by Drouillard and Riss from Stroh's pension plan are retirement benefits, not severance pay, and are subject to coordination with workers' compensation benefits pursuant to MCL 418.354; MSA 17.237(354). The appeal board's decisions regarding this issue are affirmed with respect to Drouillard and reversed with respect to Riss.

4. The two-year-back rule of MCL 418.381(2); MSA 17.237(381)(2) was misapplied by the magistrate in Riss' case; it should be applied so as to bar only the payment of benefits for periods more than two years before his petition, and not claims for injuries. The appeal board's decision in Riss' case required modification for proper application of the two-year-back rule.

The order with respect to Drouillard affirmed.

REFERENCES

Am Jur 2d, Workers' Compensation §§ 414, 530; Pensions and Retirement Funds §§ 495, 510.

See ALR Index under Pension and Retirement; Worker's Compensation.

The order with respect to Riss affirmed in part, reversed in part, and modified.

1. WORKERS' COMPENSATION — PENSION PLANS — COORDINATION OF BENEFITS.

Funds received by an injured employee upon the employer's termination of a pension plan regulated by the Employee Retirement Income Security Act are pension benefits that are subject to coordination with workers' compensation benefits (29 USC 1001 *et seq.*; MCL 418.354; MSA 17.237[354]).

2. WORKERS' COMPENSATION — TWO-YEAR-BACK RULE.

The two-year-back rule of the Workers' Disability Compensation Act bars payment of past benefits for periods more than two years before a petition is filed; it does not bar claims for injuries (MCL 418.381[2]; MSA 17.237[381][2]).

*Miller, Cohen, Martens & Ice, P.C.* (by *Murray A. Gorchow* and *Denise Clemmons Mohr*), for the plaintiffs.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Daniel J. O'Leary*), for the defendants.

Before: TAYLOR, P.J., and BRENNAN and MARILYN KELLY, JJ.

TAYLOR, P.J. Plaintiffs worked as general laborers for Stroh Brewery Company in Detroit from 1956 until the company closed the plant in June 1985. At issue in these consolidated cases are challenges by Stroh and its insurer, Aetna Casualty and Surety Company, to the award of benefits to plaintiffs, the question whether the funds plaintiffs received in a distribution of Stroh's pension fund upon the closing of the brewery are subject to coordination with workers' compensation benefits, and the proper application of the two-year-back rule.

We first address defendants' challenges to the award of benefits to plaintiff Paul A. Drouillard in Docket No. 134207. Defendants argue that Drouil-

lard's degenerative arthritic condition is a condition of the aging process that is now compensable under § 301(2) of the Workers' Disability Compensation Act, MCL 418.101 *et seq.*; MSA 17.237(101) *et seq.,* only if it was aggravated by his employment in a significant manner. Defendants contend that the mere aggravation of symptoms is no longer compensable in view of the "significant manner" requirement of § 301. This claim was not raised before the Workers' Compensation Appeal Board, and we therefore decline to consider it. *Medacco v Campbell, Wyant & Cannon Foundry Co,* 48 Mich App 217; 210 NW2d 360 (1973). Moreover, we do not believe that defendants' characterization of § 301 as rewritten is accurate, and note that the WCAB never found that Drouillard's back condition was a condition of the aging process in the first place.

Defendants also contend that there is no evidence that Drouillard's symptoms are permanent, and argue that he is not entitled to permanent disability benefits as a result. We disagree. The WCAB found that Drouillard had proved a permanent increase in his symptoms that were aggravated or accelerated by his employment. Because there was competent evidence supporting this finding, i.e., the depositional testimony of Drs. Maxim and Roy, it is conclusive. *Scroggins v Corning Glass Co,* 382 Mich 628, 630; 172 NW2d 367 (1969); *Anderson v Chrysler Corp,* 189 Mich App 325, 327; 471 NW2d 623 (1991).

Defendants' challenge to the award of benefits to plaintiff Gerald Riss (Docket No. 141039) also fails. Contrary to defendants' argument, the WCAB did not fail to consider evidence, but rather considered and rejected certain evidence. The weight to be given evidence is for the WCAB, not this Court, to decide. *Anderson, supra* at 327-328. Also, the

wcab's finding that Riss' last day of work was the date of injury was proper in view of the fact that benefits were awarded only for the carpal-tunnel-syndrome disability. See MCL 418.301(1); MSA 17.237(301)(1).

Drouillard's appeal in Docket No. 134002 and defendants' appeal in Docket No. 141039 concern the payouts plaintiffs received when Stroh liquidated the pension plan it had set up for its Detroit brewery employees. When the company closed the Detroit plant, plaintiffs elected to take their share of the accumulated pension through a lump-sum cash payout, which in Drouillard's case the wcab determined was the equivalent of a retirement benefit subject to coordination under § 354 of the act, but in Riss' case was found to be severance pay not subject to coordination. In *Barr v Stroh Brewery,* 189 Mich App 549, 552; 473 NW2d 716 (1991), a panel of this Court held:

> The fact that plaintiff had to elect an option with respect to how he would receive his vested pension benefits does not make the payment of those benefits "severance pay." . . . The funds plaintiff received had been held in a pension trust regulated by the [Employee Retirement Income Security Act, 29 USC 1001 *et seq.*]. Because of the funds and the nature of the payment, we conclude that the funds distributed are pension or retirement benefits which are subject to coordination.

Accordingly, the decision of the wcab is affirmed with regard to this issue in Docket No. 134002, but is reversed in Docket No. 141039.

However, *Barr* does not answer all the questions asked in the cases before us. In Docket No. 134002, Drouillard contends that, in coordinating these benefits, the credit for the lump-sum pension payment may not be allocated to Stroh's workers'

compensation liability for weeks other than the week in which the payout was actually received, i.e., in effect, that it should be coordinated only for the week it was received. We disagree. Rather, coordination of the entire amount is required by § 354(1)(d); to accomplish the reduction in an employer's obligation as required by that section, coordination must be allowed to continue in order to cover the full after-tax amount of the pension being received.

Arguments that another subsection of the coordination statute[1] operates to prevent the coordination of these pension benefits cannot be sustained without doing violence to *Barr*'s holding that these benefits are subject to coordination.

Finally, Riss appeals in Docket No. 141268 on the ground that, assuming that the magistrate incorrectly applied the two-year-back-rule,[2] the WCAB should have corrected that mistake. While it appears that the magistrate did not intentionally misapply this rule, his statements may be read so as to produce that result. Contrary to the reasons given by the WCAB in declining to review this issue, the error of the magistrate is not *damnum absque injuria* (harmless). While it is true that the amount of compensation Riss receives will not be affected, the length of time he will be eligible to receive benefits may be affected. That is, if he recovers from carpal tunnel syndrome, he may still be disabled from the back and right shoulder injuries for which he cannot be compensated if the two-year-back rule is applied like a statute of limitations. We therefore reiterate that the two-year-back rule serves only to bar the payment of past benefits, for periods more than two years

---

[1] Drouillard specifically points to MCL 418.354(12); MSA 17.237(354) (12).

[2] MCL 418.381(2); MSA 17.237(381)(2).

before a petition is filed. That is, it bars the collection of benefits, but not claims for injuries. See *Franklin v Ford Motor Co,* 197 Mich App 367; 495 NW2d 802 (1992); *Fuchs v General Motors Corp,* 118 Mich App 547; 325 NW2d 489 (1982).

Accordingly, the decision of the WCAB concerning the award of benefits to Drouillard (Docket No. 134207) is affirmed, as is the WCAB decision awarding benefits to Riss (Docket No. 141039). The pertinent WCAB decisions are affirmed with respect to Drouillard (Docket No. 134002), and reversed with respect to Riss (Docket No. 141039) on the question whether the lump-sum payout constitutes severance pay or pension benefits. The decision concerning Riss is modified in accordance with this opinion with regard to the two-year-back rule (Docket No. 141268).