GLENNON v STATE EMPLOYEES' RETIREMENT BOARD

Docket No. 239646. Submitted September 3, 2003, at Lansing. Decided November 20, 2003, at 9:15 A.M.

Stephanie Glennon, the sole beneficiary of a retired state employee who died after she retired, gave birth to a daughter after the retirant died and sought medical coverage for the child under MCL 38.20d(1). The State Employees' Retirement Board determined that the minor child was not entitled to the benefits. The Ingham Circuit Court, William E. Collette, J., disagreed and ruled that the petitioner could receive the benefits for her child. The respondent board appealed by leave granted.

The Court of Appeals *held*:

MCL 38.20d(1) provides that hospitalization and medical coverage insurance premiums payable by any retirant or his or her beneficiary and his or her dependents under any group health plan authorized by the Michigan Civil Service Commission and the Department of Management and Budget shall be paid by the retirement board. The interpretation of MCL 38.20d(1) by the respondent—that the phrase "his or her dependents" refers to "any retirant"—is supported by MCL 38.31(2), which refers to one beneficiary and does not provide for unborn children or unknown heirs as beneficiaries. The respondent's interpretation is entitled to deference. Interpreting MCL 38.20d(1) in the manner proposed by the petitioner would not correspond with the logical legislative intent behind the provision of health care coverage. The respondent's interpretation does not appear to conflict with the intent of the Legislature.

Reversed.

*Stacey L. Dinser* for the petitioner.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Stephen M. Rideout*, Assistant Attorney General, for the respondent.

Before: METER, P.J., and TALBOT and BORRELLO, JJ.

METER, P.J. Respondent State Employees' Retirement Board appeals by leave granted from the trial court's order granting petitioner Stephanie Glennon health insurance coverage for her dependent daughter. Respondent contends that the circuit court misinterpreted MCL 38.20d(1) in ruling that petitioner may receive health insurance benefits for her daughter. We agree and therefore reverse.

Petitioner is the sole beneficiary of deceased retired state employee Roberta Ann Glennon. Roberta Glennon died three months after she retired. As the child of a deceased retirant, petitioner was entitled to the retirant's pension and health insurance benefits for the rest of petitioner's life. Petitioner gave birth to a daughter after the death of Roberta Glennon. She sought medical coverage for the child under MCL 38.20d(1), which states, in relevant part:

> On and after July 1, 1974, hospitalization and medical coverage insurance premium [sic] payable by any retirant or his or her beneficiary and his or her dependents under any group health plan authorized by the Michigan civil service commission and the department of management and budget shall be paid by the retirement board from the health insurance reserve fund created in section 11.

Respondent concluded below, after a contested case hearing, that the minor child was not entitled to benefits under this section, reasoning that the phrase "and his or her dependents" referred to the retirant and not to the retirant's beneficiary. The circuit court reversed, stating, in part:

> The Court's analysis in this case revolves around the plain meaning of the words "or" and "and." Webster's Dictionary defines "and" as 1. as well as; in addition to. 2. added to; plus. It defines "or" as 1. used to connect words

representing alternatives. In this case, the language of the statute "retirant or his or her beneficiary" is clear. When applying the standard dictionary meanings to the statute the Court finds that the legislature intended the words "retirant or his or her beneficiary" to be alternatives. Either the retirant or the beneficiary. When the retirant nominates a beneficiary, the beneficiary steps into the shoes of the retirant. Also, the words "and his or her dependents" is used to indicate the dependents of either the retirant or the beneficiary. In other words—the dependent is covered in addition to either the retirant or the beneficiary.

Matters of statutory interpretation are questions of law that we review de novo. *Robertson v Daimler-Chrysler Corp*, 465 Mich 732, 739; 641 NW2d 567 (2002).

When reviewing matters of statutory construction, this Court's primary purpose is to discern and give effect to the Legislature's intent. The first criterion in determining intent is the specific language of the statute. The Legislature is presumed to have intended the meaning it has plainly expressed, and if the expressed language is clear, judicial construction is not permitted and the statute is enforced as written. . . . Unless defined in the statute, every word or phrase of a statute will be ascribed its plain and ordinary meaning. [*Id.* at 748 (citations omitted).]

Moreover, this Court reviews for clear error a circuit court ruling concerning an administrative agency's decision. See *Dep't of Civil Rights ex rel Johnson v Silver Dollar Cafe*, 441 Mich 110, 117; 490 NW2d 337 (1992). We will overturn the circuit court's decision only if we are left with the definite and firm conviction that a mistake has been committed. *Id.* Further, under Michigan law, a reviewing court may not substitute its judgment for that of an administrative agency if substantial evidence supports the

agency's decision, *Michigan Employment Relations Comm v Detroit Symphony Orchestra, Inc*, 393 Mich 116, 124-125; 223 NW2d 283 (1974), and "[g]reat deference is accorded the construction given a statute by the agency legislatively chosen to enforce it, which construction ought not be overruled without cogent reasons." *Buttleman v State Employees' Retirement Sys*, 178 Mich App 688, 690; 444 NW2d 538 (1989).

In *Buttleman, supra* at 689, the petitioner appealed a circuit court order affirming a decision of the State Employees' Retirement Board to deny the petitioner's request for duty disability retirement benefits. This Court reasoned that the relevant statute was amenable to two different interpretations and that, therefore, it must "defer to the statutory construction given by the retirement board as the enforcing agency," as long as the agency's construction corresponded with the legislative intent. *Id.* at 690.

Similarly, the operative language of MCL 38.20d(1) is amenable to two different interpretations: "his or her dependents" arguably could refer to "any retirant" or to "his or her beneficiary."[1] Given the ambiguity, we defer to respondent's interpretation—i.e., that "his or her dependents" refers to "any retirant"—as long as this interpretation corresponds with the legislative intent. *Buttleman, supra* at 690.

To determine the Legislature's intent, the entire statutory scheme should be analyzed. *Knauss v State Employees' Retirement Sys*, 143 Mich App 644, 648;

---

[1] However, we note that reading the statute in the manner suggested by petitioner—i.e., reading "his or her dependents" to refer to "his or her beneficiary"—would essentially exclude the *retirant's* dependents from coverage. This is surely a result not intended by the Legislature and lends great credence to respondent's interpretation of the statute.

372 NW2d 643 (1985). Respondent argues that the Legislature clearly intended that the retirant nominate one, known survivorship beneficiary as provided in MCL 38.31(2), so that only one, known survivorship beneficiary would be entitled to pension and health insurance benefits. We agree that MCL 38.31(2) lends support to respondent's position. MCL 38.31(2) states:

Except as provided in subsections (3) and (8), the election of a payment option under subsection (1) shall not be changed on or after the effective date of the retirement allowance. A retirement allowance beneficiary designated under this section shall not be changed on or after the effective date of the retirement allowance, and shall be either a spouse, brother, sister, parent, child, including an adopted child, or grandchild of the person making the designation. Payment to a retirement allowance beneficiary shall begin on the first day of the month following the death of the retirant or member.

This statute refers to one beneficiary and does not provide for unborn children or unknown heirs as beneficiaries.

Moreover, extrinsic aids that address the problem to be resolved can be helpful in determining legislative intent. *Bennetts v State Employees Retirement Bd*, 95 Mich App 616, 622; 291 NW2d 147 (1980). One extrinsic aid introduced by respondent was a memorandum authored by Assistant Attorney General Michael Lockman, in charge of the Retirement and Pensions Division, dated March 14, 1985, concerning the clarification of MCL 38.20d. The memorandum was written in response to a memorandum from the director of the Bureau of Retirement Systems asking for clarification on "covering dependents of beneficiaries who may not necessarily be the dependents of the retirant or a deceased retirant." Lockman opined

that he was "in complete agreement with the interpretation of the Auditor General that eligibility for dependents of a retirant for health insurance coverage must be gained through the retirant." Lockman explained that the purpose of providing a retirement system for classified employees was to attract and retain qualified employees and that health insurance coverage is an attractive inducement in accomplishing the purpose of the Legislature. He stated that the bureau's practice of offering insurance coverage to dependents of beneficiaries when these dependents were never dependents of the retirant was "clearly not the intent of the Legislature."

Lockman concluded:

> Accordingly, it is my opinion that the statute as presently written permits coverage only for those persons having a relationship through the retirant. This would include living dependents of the retirant, even though coverage for said dependents was not previously purchased and would also include unborn children of the retirant where the retirant is a biological parent. *Such interpretation would exclude from coverage dependents acquired by the beneficiary of a retirant subsequent to the death of the retirant unless the subsequently acquired dependents would have been eligible for coverage through the deceased retirant.* [Emphasis added.]

Although it is not strictly binding for purposes of this opinion, we nevertheless agree with Lockman's persuasive reasoning. Indeed, interpreting MCL 38.20d(1) in the manner proposed by petitioner would not correspond with the logical legislative intent behind the provision of health care coverage.[2]

---

[2] We note that, according to respondent, its policy for nearly twenty years has been to interpret MCL 38.20d(1) in the manner it advocates today.

Because respondent's interpretation "does not appear to conflict with legislative intent," we defer to it. *Buttleman, supra* at 690.

Reversed.