MITCHELL CORPORATION OF OWOSSO v DEPARTMENT OF
CONSUMER AND INDUSTRY SERVICES, BUREAU OF
WORKER'S AND UNEMPLOYMENT COMPENSATION

Docket No. 248321. Submitted July 13, 2004, at Detroit. Decided August
12, 2004, at 9:00 A.M. Leave to appeal sought.

Mitchell Corporation of Owosso brought an action in the Court of
Claims against the Bureau of Worker's and Unemployment Compensation, Department of Consumer and Industry Services, seeking
a refund of funds held by the bureau as excess security because
there were no worker's compensation claims pending against self-
insured Mitchell. Mitchell had been self-insured for the purpose of
worker's compensation insurance, had entered a memorandum of
understanding with the bureau, and posted a letter of credit as
security for future claims. Mitchell became insured by an insurance
company and later filed for chapter 11 bankruptcy protection. Upon
that filing, the bureau, in accord with the earlier memorandum of
understanding, claimed the balance available under the letter of
credit. At a time when there were no claims pending, Mitchell
sought refund of the excess funds retained by the bureau from the
letter of credit, which request the bureau refused, but the bureau
established a trust fund for potential claims against Mitchell pursuant to 1999 AC, R 408.43q(3). The court, Beverly Nettles-
Nickerson, J., granted summary disposition for the bureau because
the retention of funds was in compliance with the memorandum of
understanding and because there may be future claims. The plaintiff appealed.

The Court of Appeals *held*:

1. If an employer chooses to self-insure for worker's compensation, the bureau may retain security, including by letter of credit,
against claims for what the bureau determines to be a reasonable
time and the reasonable portion of the funds to meet the risk of
future claims. MCL 418.611(1)(a). A self-insurer must enter a
memorandum of agreement with the bureau that allows the bureau
to draw on a letter of credit used as security in the event that the
self-insurer becomes insolvent. 1999 AC, R 408.43q(3)(d). The
bureau correctly determined that Mitchell's filing for bankruptcy
protection qualified the bureau to draw on the letter of credit.

2. Although a claim was not pending, there was no evidence that there would be no future claims. A worker's compensation claim may be brought within two years of the date of the injury, the date disability manifests itself, or the last date of employment. The trial court correctly determined that it is not possible to determine a date certain after which the plaintiff will no longer be liable for worker's compensation claims.

Affirmed.

ZAHRA, P.J., concurring in result, reached the same conclusion on the basis of the statutory language that allows the bureau the discretion to require the furnishing of a bond or other security in a reasonable form and amount. MCL 418.611(1)(a). The basis of the plaintiff's complaint is a challenge to the decision to retain the funds, notwithstanding that the defendant is no longer self-insured and there are no claims pending. Although the discretion to retain funds is not unfettered, in this case the retention of funds is reasonable and, therefore, not an abuse of discretion.

WORKER'S COMPENSATION — SELF-INSURED — SECURITY AGAINST CLAIMS.

It is not possible to determine a date certain after which a self-insured employer will no longer be liable for worker's compensation claims because a worker's compensation claim may be brought within two years of the date of the injury, the date disability manifests itself, or the last date of employment; the Bureau of Worker's and Unemployment Compensation may retain security provided by a self-insured for the purpose of worker's compensation claims for a reasonable period and in a reasonable amount to cover potential claims (MCL 418.611[1][a]; 1999 AC, R 408.43q).

*Winegarden, Haley, Lindholm & Robertson, P.L.C.* (by *Donald H. Robertson*), for the plaintiff.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Rose A. Houk* and *Dennis J. Raterink*, Assistant Attorneys General, for the defendant.

Before: ZAHRA, P.J., and TALBOT and WILDER, JJ.

WILDER, J. In this action arising out of a memorandum of understanding between the parties, plaintiff

appeals by right the trial court's order granting defendant's motion for summary disposition. We affirm.

## I. FACTS AND PROCEEDINGS

In October 2002, Mitchell Corporation of Owosso (Mitchell) filed a complaint in the Court of Claims against the Department of Consumer and Industry Services, Bureau of Worker's and Unemployment Compensation, alleging breach of contract (count one), and "unlawful taking" (count two). Plaintiff alleged that in July 1990, it entered into a memorandum of understanding with defendant regarding plaintiff's status as a self-insured employer for the purpose of its worker's compensation liability. The memorandum of understanding detailed that in exchange for granting plaintiff self-insured status, defendant required plaintiff to post a $400,000 security, which plaintiff satisfied by obtaining a letter credit in that amount.

Plaintiff further alleged that in April 1998, it obtained worker's disability compensation insurance with a private insurer, the Hartford Insurance Company. Subsequently, on October 4, 2000, plaintiff filed a petition for bankruptcy under chapter 11 of the Bankruptcy Code, 11 USC 1101 *et seq.*, rendering plaintiff insolvent for purposes of the Worker's Disability Compensation Act.[1] Plaintiff stated in its complaint that, at the time of its insolvency, multiple worker's disability compensation claims were pending against plaintiff, some of which accrued during the period when plaintiff was self-insured. Plaintiff alleged that after it became insolvent, the Self-Insurers' Security Fund[2] defended

---

[1] See MCL 418.502.

[2] The Self-Insurers' Security Fund, legislatively created in MCL 418.501, can provide payments to an entitled employee when the employ-

and settled the worker's compensation claims that arose during the time that plaintiff was a self-insured employer, drawing on the proceeds of the letter of credit that secured plaintiff's self-insured status. After all pending claims were resolved, plaintiff requested that defendant return the excess letter-of-credit funds to plaintiff. Defendant denied plaintiff's request.

On the basis of these facts, plaintiff alleged in count one of the complaint that defendant's refusal to refund the excess letter-of-credit funds in the absence of a pending claim constituted a breach of the memorandum of understanding. In count two, plaintiff alleged that defendant's retention of the unused funds was not authorized by statute or other legislative authority and, therefore, constituted a wrongful taking of plaintiff's property.

In lieu of filing an answer, defendant moved for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10). Defendant argued that plaintiff failed to state a claim upon which relief could be granted because defendant did not have control over the disbursement of the excess funds, which were held in the "Mitchell Corporation of Owosso Workers' Compensation Trust." Because the director of the bureau is one of three trustees of the trust, defendant argued that plaintiff had not sought recourse against the proper party.

Defendant also requested summary disposition of count one on the basis of MCR 2.116(C)(10) because it has authority, pursuant to administrative law and the

---

ee's self-insured employer becomes insolvent. MCL 418.537(1). After making such payments, the fund has "all of the rights of the injured employee as a creditor of the insolvent employer to the extent of the benefits it paid." MCL 418.553. The fund's trustees have the right and obligation to obtain reimbursement from the insolvent employer for any funds paid on the employer's behalf. *Id.*

memorandum of understanding, to retain the excess funds in anticipation of future worker's compensation claims. Additionally, defendant asserted that no statutory or contractual provision required it to return the excess funds. Defendant also moved for summary disposition of count two on the basis of MCR 2.116(C)(10), arguing that plaintiff's claim was more properly characterized as a claim of conversion and that plaintiff failed to demonstrate any right to the letter-of-credit funds, in light of the fact that defendant is the only named payee.

Although plaintiff opposed defendant's motion, the trial court granted it, stating that defendant's retention of the letter-of-credit funds did not violate the memorandum of understanding. The trial court opined that because the funds may be needed in the future to pay claims that accrued during the period of self-insurance, defendant has the authority to keep the excess funds for future use. The trial court did not specifically address on the record defendant's arguments that plaintiff did not sue the proper party and failed to state a genuine issue of material fact concerning count two, but nevertheless dismissed plaintiff's suit in its entirety. Although the trial court stated on the record that its decision was based on MCR 2.116(C)(8), its order dismissing plaintiff's claims cites MCR 2.116(C)(10) as the basis for dismissal.

This appeal followed.[3]

## II. STANDARD OF REVIEW

This Court reviews de novo the trial court's grant of a motion for summary disposition, *Martin v Beldean*, 469 Mich 541, 546; 677 NW2d 312 (2004), as well as the

---

[3] On appeal, plaintiff does not address count two of its complaint, and we consider that claim abandoned.

questions involved in interpreting statutes and administrative rules, *Romulus v Dep't of Environmental Quality*, 260 Mich App 54, 64; 678 NW2d 444 (2003), and contracts, *Wilkie v Auto Owners Ins Co*, 469 Mich 41, 47; 664 NW2d 776 (2003).

Because the trial court considered facts outside the pleadings in deciding defendant's motion, we treat the dismissal of plaintiff's claim as having been based on MCR 2.116(C)(10). *Velmer v Baraga Area Schools*, 430 Mich 385, 389; 424 NW2d 770 (1988).

### III. ANALYSIS

Plaintiff first contends that the trial court erred by granting defendant's motion for summary disposition because the memorandum of understanding and relevant portions of the Administrative Code do not provide defendant the discretion to retain the letter-of-credit funds indefinitely. We disagree.

MCL 418.611(1)(a) provides that, upon granting an employer the authority to be self-insured, the director of the Bureau of Worker's Disability Compensation may require the employer to furnish a bond or other security in an amount determined by the director. A self-insured employer may satisfy this requirement by obtaining an irrevocable letter of credit or one of the other forms of security listed in the statute. *Id.*

If a self-insured employer chooses to secure its self-insured status with a letter of credit, the employer, pursuant to 1999 AC, R 408.43q(3), must provide a memorandum of understanding that affirms the employer's acceptance of certain requirements, including that

> the irrevocable letter of credit . . . is being offered with the understanding that if the bureau receives notice that

the letter of credit will not be renewed, then the bureau, in its discretion, may, after 30 days from the date of the receipt of the notice, call the proceeds of the letter of credit and deposit the proceeds in the state treasury. And further, if in the judgment of the bureau, the letter of credit is needed to cover any worker's disability compensation claims, then the proceeds of the letter of credit shall be called immediately and deposited in the state treasury for such purpose. [Rule 408.43q(3)(d).]

Although the parties first executed a memorandum of understanding in 1990, the parties state that they periodically executed updated memoranda of understanding, including the memorandum of understanding on which plaintiff now relies, executed in October 1998. In the 1998 memorandum of understanding, the parties agree, among other things, that

4. If the Bureau is notified that the Letter of Credit will not be renewed and a new Letter of Credit acceptable to the Bureau is not filed, the Bureau may, at its discretion and thirty or more days after it received the notice, draw on the Letter of Credit.

5. The Bureau may, at its discretion, draw on the Letter of Credit at any time if needed to pay any Michigan workers' disability compensation liability which is the Employer's responsibility.

6. All proceeds resulting from the Bureau drawing on the Letter of Credit shall be deposited with the State Treasurer and shall only be used to pay Michigan workers' disability compensation liability which is the Employer's responsibility.

In addition to requiring the memorandum of understanding, Rule 408.43q(5) provides that

[i]f it is necessary for the director, under statute and bureau rules, to call the bond or other security, then a trust shall be established with the funds, unless the provider of the bond or other security elects to handle the claims directly and the bureau approves. If a trust is established,

the funds shall be deposited in the state treasury and the state treasurer, as provided by section 551(7) of the act, shall be the custodian of the trust. . . .

Pursuant to this rule, after drawing on plaintiff's letter of credit, defendant established the "Mitchell Corporation of Owosso Workers' Disability Compensation Trust Agreement" to govern use of the letter-of-credit funds. The trust agreement provides that the trust will terminate when the trust funds have been expended "or upon an express determination by the Trustees that no further claims remain to be paid, and that it is not probable that any remaining claims will be filed against the Trust Fund, whichever occurs first."[4]

Plaintiff asserts that neither the memorandum of understanding nor Rule 408.43q(3)(d) gives defendant the discretion to retain the presently unused letter-of-credit funds. Rather, plaintiff claims, defendant has authority to determine only *when* the letter-of-credit funds are needed. We disagree. Although the duration of defendant's retention of the funds is not explicitly addressed in the memorandum of understanding or relevant administrative rules, we conclude that inherent in defendant's authority to determine when the funds are needed is the authority to determine how long the need exists. The memorandum of understanding and Rule 408.43q give defendant broad discretion to determine what constitutes a need, when the need arises, and what portion of the letter-of-credit funds are needed.

---

[4] Plaintiff claims in its reply to defendant's brief that the trust does not serve only to pay plaintiff's worker's compensation claims because the trust provides that, after the trust is terminated, any excess funds will be paid into the Self-Insurers' Security Fund and any future claims that are plaintiff's responsibility will be paid by re-funding the trust with funds from the Self-Insurers' Security Fund. Plaintiff did not properly preserve this argument, and we decline to consider it on appeal. *ISB Sales Co v Dave's Cakes*, 258 Mich App 520, 532-533; 672 NW2d 181 (2003).

As the trial court intimated, given the language of MCL 418.381, it is not possible to determine a date certain after which plaintiff will no longer be liable for worker's compensation claims. See *Colbert v Conybeare Law Office*, 239 Mich App 608, 614; 609 NW2d 208 (2000) (stating that "a claim for worker's compensation is not valid unless made within two years of the date of injury, the date disability manifests itself, or the last date of employment"); see also *Drouilliard v Stroh Brewery Co*, 199 Mich App 67, 71-72; 501 NW2d 229 (1993) (stating that MCL 418.381(2) acts as a bar on the payment of past benefits, but not as a statute of limitations). Accordingly, defendant's need for funds to pay claims that accrued while plaintiff was self-insured could extend well into the future. Notably, neither the memorandum of understanding nor Rule 408.43q limits the existence of a need to the presence of a pending claim. Therefore, defendant's retention of the funds does not constitute a breach of the memorandum of understanding.

Because we conclude that the memorandum of understanding grants defendant authority to retain the letter-of-credit funds for as long as it determines that a need exists, we need not address plaintiff's request that the Court insert terms in the memorandum of understanding restricting defendant to retaining the funds for only a reasonable time and retaining only that portion of the funds objectively determined to be sufficient to meet the risk of future claims.

Affirmed.

TALBOT, J., concurred.

ZAHRA, P.J. (*concurring in result*). I concur in the majority's conclusion that the trial court properly granted defendant's motion for summary disposition. I

write separately, however, because I reach this conclusion based solely on the language in MCL 418.611(1)(a), which plainly provides discretion to the director to determine "a reasonable form and amount" of security.

In my view, the issue is expressly controlled by MCL 418.611(1)(a), which provides in relevant part:

> If the director determines it to be necessary, the director shall require the furnishing of a bond or other security in a reasonable form and amount. Such security as may be required by the director may be provided by furnishing specific excess insurance, aggregate excess insurance coverage through a carrier authorized to write in this state in an amount acceptable to the director, a surety bond, an irrevocable letter of credit in a format acceptable to the bureau, and claims payment guarantees.

While plaintiff maintains that defendant breached the memorandum of understanding that is required pursuant to 1999 AC, R 408.43q, plaintiff is actually challenging the director's decision to retain funds from the claimed irrevocable letter of credit notwithstanding that defendant is no longer self-insured and that there are no claims pending against defendant for the period that it was self-insured. The memorandum of understanding only operates to affirm the employer's acceptance of the certain terms within the irrevocable letter of credit. *Id.* Moreover, Rule 408.43q only addresses how an established trust will administer the claimed funds, not whether those funds are necessary for security.

Thus, MCL 418.611(1)(a) is the only rule of law that addresses whether it is reasonable to retain the claimed funds. Again, "[i]f the director determines it to be necessary, the director shall require the furnishing of a bond or other security *in a reasonable form and amount.*" MCL 418.611(1)(a) (emphasis supplied.) Under this provision, the director has discretion to deter-

mine if security is necessary under MCL 418.611(1)(a), regardless of whether defendant complies with the administrative rules or breaches the memorandum of understanding.

Contrary to defendant's position, however, the director's discretion to determine if security is necessary under MCL 418.611(1)(a) is not unfettered. "To reverse an agency's decision as an abuse of discretion under [MCL 26.306(1)(e)], a court must find a result so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or an exercise of passion or bias." *In re Kurzyniec Estate*, 207 Mich App 531, 537; 526 NW2d 191 (1994); *Marrs v Bd of Medicine*, 422 Mich 688, 693-694; 375 NW2d 321 (1985). This Court, in turn, reviews a circuit court's review of an agency's decision for clear error. *Glennon v State Employees' Retirement Bd*, 259 Mich App 476, 478; 674 NW2d 728 (2003). A decision is clearly erroneous when this Court is left with a definite and firm conviction that a mistake was made. *Id.*

Here, I would hold that trial court did not clearly err because the director's decision to retain the claimed funds was reasonable and, therefore, not an abuse of discretion. Although there are currently no worker's compensation claims pending against plaintiff, the director's belief that some may arise in the future is reasonable. Moreover, defendant has shown that the amount of funds remaining may not be sufficient to cover minor claims. Because it is reasonable for the director to require plaintiff to provide security under the present circumstances, the trial court's decision is proper.