*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NIA HUNT,

　　　　　Plaintiff-Appellant,

v

GREATER EMMANUEL INSTITUTIONAL
CHURCH OF GOD IN CHRIST,

　　　　　Defendant-Appellee.

UNPUBLISHED
September 17, 2020

No. 347707
Wayne Circuit Court
LC No. 17-015058-NO

Before: RIORDAN, P.J., and O'BRIEN and SWARTZLE, JJ.

PER CURIAM.

In this premises-liability action, plaintiff appeals as of right the trial court's order granting summary disposition to defendant. Because a reasonable person would have been alerted to the danger of uneven ground by the presence of puddles throughout defendant's parking lot, there was no genuine issue of material fact that the alleged hazard that caused plaintiff's fall was open and obvious. Therefore, we affirm.

In June 2015, while walking across a church parking lot, plaintiff stepped in a pothole and fell. According to plaintiff, the parking lot was full of puddles, and she noticed a specific puddle before she stepped in it. The puddle was caused by a pothole. When plaintiff stepped in it, she fell and broke bones in her wrist and arm. Plaintiff filed suit against the property owner. After discovery, defendant moved for summary disposition based on the open-and-obvious doctrine. The trial court granted defendant's motion. Plaintiff now appeals.

Plaintiff advances three arguments on appeal: (1) the pothole that caused her to fall was not open and obvious; (2) if it was open and obvious, it had special aspects sufficient to impose liability notwithstanding the open-and-obvious doctrine; and (3) she alleged an ordinary-negligence claim in her complaint, in addition to a premises-liability claim, and ordinary-negligence claims are not subject to the open-and-obvious doctrine. Plaintiff's arguments are without merit.

We review de novo a trial court's ruling on a motion for summary disposition. *Petersen Fin LLC v Kentwood*, 326 Mich App 433, 441; 928 NW2d 245 (2018). Although defendant moved

-1-

for summary disposition under MCR 2.116(C)(8) and MCR 2.116(C)(10), defendant relied on deposition testimony to support its motion. "Because the trial court considered facts outside the pleadings in deciding defendant's motion, we treat the dismissal of plaintiff's claim as having been based on MCR 2.116(C)(10)." *Mitchell Corp of Owosso v Dep't of Consumer and Indus Servs*, 263 Mich App 270, 275; 687 NW2d 875 (2004). "A motion under MCR 2.116(C)(10) . . . tests the *factual sufficiency* of a claim." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). A trial court should grant a motion under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact and the moving party is therefore entitled to judgment as a matter of law." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5; 890 NW2d 344 (2016). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *El-Khalil*, 504 Mich at 160 (cleaned up).

Premises-liability claims require that the plaintiff prove the elements of negligence: "(1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Mouzon v Achievable Visions*, 308 Mich App 415, 418; 864 NW2d 606 (2014) (cleaned up). "[A] premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). A premises owner breaches its duty of care when it "knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect." *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). Yet, a possessor of land does not owe a duty to protect or warn an invitee of dangers that are open and obvious. *Id*. at 460-461. "Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Id*. at 461.

In this case, there is no genuine question of material fact that the hazard was open and obvious because it was reasonable to expect that an average person with ordinary intelligence would have discovered the danger. Plaintiff testified that the parking lot was full of puddles and that she saw the puddle in which she stepped. The presence of a puddle necessarily informs a person that the ground underneath is uneven and may cause a person to fall because a puddle is formed by a depression in the ground. While the precise nature of the uneven ground may not be readily apparent because the water in the puddle conceals it, the fact that the ground is hazardous is obvious from the very existence of a puddle. Further, it is not necessary that an objectively reasonable person would have discovered the precise puddle that led to plaintiff's injury. A reasonable person in a parking lot full of puddles would take care where she steps because the presence of multiple puddles would alert her to the fact that the parking lot had uneven ground, making it a fall hazard. Because a reasonable person would have been alerted to the danger of uneven ground by the presence of puddles throughout defendant's parking lot, there was no material factual dispute that the hazard plaintiff encountered was open and obvious.

Plaintiff argues that, even if the hazard on which she fell was open and obvious, special aspects existed sufficient to impose liability. Despite being open and obvious, a condition of land may still give rise to liability if it has special aspects which render the risk from the condition unreasonable. *Id*. at 461. "Under this limited exception, liability may be imposed only for an unusual open and obvious condition that is unreasonably dangerous because it presents an

extremely high risk of severe harm to an invitee in circumstances where there is no sensible reason for such an inordinate risk of severe harm to be presented." *Id*. at 462 (cleaned up).

Plaintiff argues a rain-filled pothole has special aspects because it can cause a person to fall from a standing position, resulting in severe injury and even death. Therefore, plaintiff argues that the danger posed by pothole lying under a puddle is unreasonably dangerous. We conclude that a pothole underneath a puddle does not possess any special aspects because the ordinary risk of harm that it presents is not severe.

A hazard can also present special aspects if the risk that it poses is "effectively unavoidable." *Id*. at 462. Here, plaintiff testified that she saw puddles throughout the parking lot. In fact, she saw the puddle in question and chose to step in it. There was no evidence that she was unable to avoid the danger posed by the puddle. Plaintiff's husband, who was walking right in front of plaintiff, was able to avoid the puddle. Because the pothole was not "effectively unavoidable," it possessed no special aspects defeating the application of the open-and-obvious doctrine.

Lastly, plaintiff argues that she alleged an ordinary-negligence claim in addition to a premises-liability claim. Because plaintiff did not raise this argument in either her response to defendant's motion for summary disposition or at the motion hearing, the trial court did not have the opportunity to rule on this issue. Therefore, it is not preserved for appellate review. This Court may overlook preservation requirements "if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Smith v Foerster-Bolser Constr, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006).

"Michigan law distinguishes between claims arising from ordinary negligence and claims premised on a condition of the land." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012). "[T]he gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Adams v Adams (On Reconsideration)*, 276 Mich App 704, 710-711; 742 NW2d 399 (2007). "If the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Buhalis,* 296 Mich App at 692.

Plaintiff argues that her injuries were caused by a dangerous condition of the land *and* the negligent conduct of defendant. To support this argument, plaintiff cites *Laier v Kitchen*, 266 Mich App 482; 702 NW2d 199 (2005), for the proposition that "where the injuries are also the result of the *conduct* of the tortfeasor, the action lies in ordinary negligence." Although the plaintiff in *Laier* had an independent theory of liability based on the defendant's conduct, plaintiff here does not. Plaintiff alleged that she was an invitee and that defendant owed her a duty to exercise ordinary care to inspect its property and protect its invitees. And she alleged she was injured because of a dangerous condition on defendant's property. Plaintiff's only conduct-based allegations are related to defendant's failure to prevent an allegedly dangerous condition on the land. Therefore, the gravamen of plaintiff's claim is premises liability, and plaintiff cannot avoid

-3-

dismissal based on the open-and-obvious doctrine by attempting to frame her action as arising from ordinary negligence.

Affirmed. Defendant, having prevailed in full, may tax costs under MCR 7.219(F).

/s/ Michael J. Riordan
/s/ Colleen A. O'Brien
/s/ Brock A. Swartzle